UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DeVAN DANIEL,<br><br>Plaintiff,<br><br>v.<br><br>DELTA HAWKEYE SECURITY SERVICES; SAN JOAQUIN COUNTY,<br><br>Defendants. | No.  2:13-cv-1752-MCE-EFB PS<br><br><br><br>ORDER |

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

/////

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12       In reviewing a complaint under this standard, the court must accept as true the allegations
13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy
16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2)
17   "requires a complaint to include a short and plain statement of the claim showing that the pleader
18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing
20   *Conley v. Gibson*, 355 U.S. 41 (1957)).

21       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
22   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
23   511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
24   confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction
25   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
26   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
27   authorized by a federal statute that both regulates a specific subject matter and confers federal
28   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint alleges that he is an individual with a disability.  He claims that on June 13, 2013, he went to San Joaquin Mental Health Services because he was experiencing side effects from medication that had previously been prescribed to him.  ECF No. 1 at 6-7.  He claims that while he was at that facility, three guards rushed him from behind and shoved him into a counter, resulting in injuries to his ribs and chest wall.  *Id*. at 2-3, 7, 24.  Plaintiff appears to allege that this conduct amounted to a violation of Title II of the Americans with Disabilities Act ("ADA").  *Id*. at 4, 8, 16, 24.

Plaintiff has not sufficiently alleged facts adequate to establish this court's subject matter jurisdiction over his claim(s).  The complaint does not allege diversity of the parties and it is unclear how the facts alleged in the complaint give rise to a federal claim.  Although plaintiff suggest a possible claim under Title II of the ADA, "[t]o state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).  Although plaintiff alleges that he is a person with a disability, he does not allege that he was denied some benefit that he was otherwise entitled to receive.

Additionally, to the extent plaintiff attempts to assert a claim against defendant Delta Hawkeye Security Services and the individual guards under 42 U.S.C. § 1983, that claim must be dismissed.  To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal

3

1  constitutional or statutory right; and (2) that the violation was committed by a person acting under
2  the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff does not allege facts
3  demonstrating that these defendants are state actors or were otherwise acting under color of state
4  law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party
5  charged with a constitutional deprivation under § 1983 must be a person who may fairly be said
6  to be a governmental actor) (citation and quotations omitted).  Section "1983 excludes from its
7  reach merely private conduct, no matter how discriminatory or wrong." *Id*.  (citing *Am. Mfrs.
8  Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).
9  Furthermore, plaintiff fails to identify the constitutional rights defendants allegedly violated, or
10 explain how defendants' actions resulted in the deprivation of any constitutional right.

11        Plaintiff also fails to state a section 1983 claim against defendant County of San Joaquin
12 based on the alleged conduct of the three guards.  Since there is no respondeat superior liability
13 under § 1983, municipalities (and their departments) may be sued under § 1983 only upon a
14 showing that an official policy or custom caused the constitutional tort.  *See Mt. Healthy City
15 School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of
16 Soc. Servs.*, 436 U.S. 658, 691 (1978); *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003)
17 (granting summary judgment to city and city police department under Monell).  "A local
18 government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action
19 inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental]
20 policy." *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations
21 omitted) (alteration in original).  "[L]ocal governments, like any other § 1983 'person,' . . . may
22 be sued for constitutional deprivations visited pursuant to governmental 'custom' even though
23 such a custom has not received formal approval through the body's official decisionmaking
24 channels." *Monell*, 436 U.S. at 690-91.  Plaintiff does not identify any policy or custom that was
25 responsible for the June 13, 2013 incident.  Accordingly, plaintiff fails to state a claim against the
26 County of San Joaquin.

27        Therefore, plaintiff's complaint will be dismissed.  However, plaintiff will be granted
28 leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a

proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

      Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

      Accordingly, it is hereby ORDERED that:

      1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

      2. Plaintiff's complaint is dismissed with leave to amend, as provided herein. and

      3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must

be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 2, 2014.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE